Greenspoon Marder LLP

Kelly Purcaro, Partner
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Phone: 732.494.4800
Fax: 954.333.4222
Direct Phone: 732.456.8734
Direct Fax: 732.957.2298
Email: kelly.purcaro@gmlaw.com

November 20, 2026

**VIA ECF**
Honorable Harvey Bartle III, U.S.D.J.
United States District Court for the
Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

**Re: *Atlas Data Privacy Corp., et al. v. The Alesco Group, L.L.C., et al.***
**Civil Action No. 1:24-cv-05656-HB**
**Motion to Withdraw as Counsel (Dkt. 126); Stay Deadlines Pending New Counsel**

Dear Judge Bartle:

We represent Defendant The Alesco Group, L.L.C. ("Alesco") and write to follow up on Greenspoon Marder LLP's motion for leave to withdraw as counsel for Alesco, filed October 21, 2026 (Dkt. 126) and noticed for November 16, 2026. We respectfully request that the Court decide the motion and, in doing so, stay all deadlines pending Alesco's retention of new counsel, consistent with the approach Plaintiffs proposed in response to a similar motion in a related action.

As set forth in the supporting Certification of undersigned counsel, good cause exists for withdrawal because of an irreconcilable breakdown in the attorney-client relationship that prevents effective representation. Consistent with RPC 1.6, the Certification does not describe the underlying communications in detail. The Certification further states that Alesco received written notice of the motion and was advised to secure substitute counsel, that Plaintiffs' counsel was notified of the motion, and that this matter is at a preliminary stage: discovery has only recently opened, paper discovery had not been served, no trial date set, and no motions pending.

In *Atlas Data Privacy Corp., et al. v. Amerilist, Inc.*, Civil Action No. 1:24-cv-05775-HB, in which this firm filed a similar motion to withdraw (Dkt. 101), Plaintiffs' counsel responded that Plaintiffs did not object to the motion, but asked that the Court allow a limited period for the defendant to retain new counsel and inquired whether discovery deadlines should be held in abeyance in the interim (Dkt. 103). We respectfully suggest that the Court adopt that same approach here. Specifically, we ask that, upon granting the motion, the Court (i) stay all

deadlines pending further action by the Court, and (ii) direct Alesco, a corporate entity that cannot appear *pro se*, to obtain substitute counsel by a date certain. The proposed form of order submitted with the motion (Dkt. 126-2) already contemplates this relief.

A stay would allow for an orderly transition of counsel, avoid prejudice to Alesco, and avoid unnecessary delay or motion practice while new counsel becomes familiar with the matter. We thank the Court for its consideration.

Respectfully submitted,

KELLY M. PURCARO
*Attorneys for Defendant The Alesco Group, L.L.C.*

cc: All counsel of record (via ECF)